NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SEAN P. FOLEY,** | : | **Civil Action No. 05-3727(SRC)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| **JAMES BOAG, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**BONGIOVANNI, United States Magistrate Judge**

        This matter having been opened to the Court upon Motion by Michael McKenna, Esquire, attorney for Defendant, Borough of Seaside Park (hereinafter "Defendant"), seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c), Docket Entry #31.  Plaintiff, Sean P. Foley, opposes the Motion.  For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

## I.    Factual Background

        Plaintiff brought this action against numerous police officers from the Borough of Seaside Park, including Officers James Boag and James Leone, as well as the Borough Police Department (hereinafter "Department"), the Sawmill Tavern and several employees of the Sawmill Tavern.  Plaintiff alleges the police officers used excessive force and that he was falsely arrested and maliciously prosecuted.  The action arises from an incident involving the Plaintiff that occurred on May 23, 2004.  Plaintiff was thrown out of the Sawmill Tavern in Seaside Park by bouncers and later arrested by Borough police.  Officer James Leone arrested plaintiff at

approximately 9:30pm outside of the Sawmill Tavern and transported Plaintiff to Seaside Park Police Headquarters.  Once at Police Headquarters, Plaintiff alleges that Defendants, Boag, Leone and John Does 1-5, assaulted and "maced" him without provocation.  Plaintiff allegedly remained handcuffed during the assault and never offered any resistance.  Plaintiff was then transferred to Ocean County Correctional Facility.

In addition to his claims against the individual officers and the tavern and its employees, Plaintiff has also brought a Monell action against the Borough of Seaside Park.  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In furtherance of his Monell claim, Plaintiff served Defendant Borough of Seaside Park with Request for Production of Documents requesting, among other things, the internal affairs records of the Department concerning any complaints made against Officers Boag, Leone and any other officers on duty at the time and any complaints made against any officer with the Department for excessive force, false arrest and/or malicious prosecution within the last ten years.  The Borough objected to these requests citing the need for a protective order before releasing these records.

Defendant moves for a protective order limiting the records produced to only five years before the incident and to prevent the dissemination of the contents of the internal affairs investigation records to the public.  Plaintiff opposes Defendant's motion and maintains that the requested internal affairs records are matters of public record according to the New Jersey Attorney General's Guidelines on Internal Affairs and that portions of the records have already been produced for the Asbury Park Press for an August 12, 2005 article.  Plaintiff also contends that he is entitled to these records dating back ten years because that is the length of time that Officer Boag has been with the Department and covers most of the time that Chief of Police Walter Beining has been with the Department.

## II.   Discussion and Analysis

### a.   Applicable Standard

Federal Rule 26(c) provides that any party or person may, upon motion, request a protective order to protect that party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  Under Local Rule 5.3, all motions to seal or otherwise restrict public access shall describe: the nature of the materials or proceedings at issue; the legitimate private or public interests which warrant the relief sought; the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.  L. Civ. R. 5.3.

While not explicitly referencing the law enforcement privilege, Defendant seeks to restrict access to the requested internal affairs records.

> The federal 'law enforcement' privilege, sometimes referred to as an'executive' privilege or an'official' privilege, is a qualified privilege designed to prevent the disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement.  Its application requires a court to weigh the government's interest in ensuring the secrecy of the documents in question against the need of the adverse party to obtain the discovery.  Torres v. Kuzniasz, 936 F.Supp. 1201, 1209 (D.N.J. 1996)(quoting G-69 v. Degnan, 130 F.R.D. 326, 332 (D.N.J. 1990)).

The head of the agency must assert a claim of executive or law enforcement privilege once he or she has reviewed the material and submitted "precise and certain reasons for preserving the confidentiality of the communications."  U.S. v. O'Neill, 619 F.2d 222, 226 (3d.Cir.1980).

The Court recognizes the competing interests of Plaintiff in having access to relevant information to aid in the development of his Monell claim and the Department's interest in preventing the dissemination of its internal affairs investigation records to the public.  Therefore,

the Court believes it appropriate to order the production of the withheld Internal Affairs

documents subject to a limited protective order.  See Torres, 936 F.Supp. at 1212.

**b.    Limited Protective Order**

Plaintiff requests all internal affairs records and complaints against the Defendant officers

and all internal affairs records or complaints for the previous ten years regarding false arrests,

excessive force or malicious prosecution.  According to the New Jersey Attorney General's

Internal Affairs Policy and Procedure, "the nature and source of internal allegations, the progress

of internal affairs investigations and the resulting materials are confidential information."  N.J.

Att'y Gen. Internal Affairs Policy and Procedures at 11-46 (Nov. 2000).

> The information and records of an internal investigation shall only
> be released under the following limited circumstances: (1) in the
> event that administrative charges have been brought against an
> officer, and a hearing will be held, a copy of those internal
> investigation reports to be used as evidence in the administrative
> hearing shall be provided to the officer; (2) in the event that the
> subject officer, agency or governing jurisdiction has been named as
> a defendant in a lawsuit arising out of the specific incident covered
> by an internal investigation, a copy of the internal investigation
> reports may be released to the attorney representing the subject
> officer, agency or jurisdiction; (3) upon the request or at the
> direction of the county prosecutor or Attorney General; (4) upon a
> court order.  Id.

Unlike in Torres, Defendants have acknowledged the relevance of the records requested

by Plaintiff and they are not seeking to withhold production of these records altogether.  See

Torres, 936 F.Supp. at 1207.  Rather, they are seeking a limited order to place time limitations on

the extent of the records produced and how they are disclosed.  As the Attorney General's

Internal Affairs Policy makes clear, the default position governing access to internal affairs

records is confidentiality.  "Persons charged with the responsibility of conducting the affairs of

the police department must be able to rely on confidential information prepared for internal use.

The integrity of this information would be eroded if public exposure was threatened." State v. Kaszubinski, 177 N.J.Super. 136, 138-39 (Law.Div.1980). Kaszubinski involved a subpoena duces tecum for a police officer witness's personnel file. Id. The Passaic County Superior Court reasoned that the police department had a vested interest in the integrity of the information which was maintained in the officers' personnel files by keeping the information confidential. Id. The same reasoning applies to the confidential internal affairs records at issue in this case.

The Department has an interest in maintaining the integrity of any ongoing investigation involving the Defendant officers or any other officers in which complaints for excessive force, false arrest or malicious prosecution have been filed. The Department also has an interest in preventing the potential chilling effect upon current and future complainants or informants if such information became or could become public. Further, the possibility exists that full disclosure of the records could compromise an investigation to the detriment of the Department and the public at large. Internal affairs investigations are necessary to maintain the public's trust and to insure the integrity of internal law enforcement procedures. The limited protective order still grants Plaintiff access to and use of the requested records and is the least restrictive means to maintain confidentiality while not inhibiting Plaintiff's cause of action. The only limitation placed upon the use of the internal affairs records is on the dissemination to those not associated with this case and use beyond this litigation.

## III.    Conclusion and Order

For the foregoing reasons, it is on this 31st day of May, 2006, hereby

**ORDERED** that Defendant's Motion is GRANTED IN PART and DENIED IN PART: Defendant shall produce the records requested by Plaintiff dating back to March 1996, when Officer Boag began working for the Department. All records produced that are designated as

Internal Affairs records and marked confidential are for use only in conjunction with this litigation and access to these records and the information contained in them is only for named parties, their counsel and experts retained for this litigation, if any.  This protective order also applies to all information regarding internal affairs investigations inquired into through interrogatories or depositions.  It is further ordered that the parties shall confer and submit an appropriate protective order no later than June 9, 2006.


s/Tonianne J. Bongiovanni
_____   **HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**